# 24-2940-CV

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

———— ►►◄◄ ————

JANE DOE 2, JANE DOE 1,

*Plaintiffs-Appellants,*

*v.*

THE CONGREGATION OF THE SACRED HEARTS OF JESUS AND MARY,
ROMAN CATHOLIC DIOCESE OF FALL RIVER,
SISTERS OF CHARITY OF MONTREAL, SISTERS OF CHARITY OF QUEBEC,
MISSIONARY OBLATES OF MARY IMMACULATE EASTERN PROVINCE,

*Defendants-Appellees,*

BLACK AND WHITE CORPORATIONS 1-10,

*Defendant.*

————————————

*On Appeal from the United States District Court
for the Eastern District of New York*

## BRIEF FOR DEFENDANT-APPELLEE
## ROMAN CATHOLIC BISHOP OF FALL RIVER,
## A CORPORATION SOLE (INCORRECTLY SUED HEREIN AS
## "ROMAN CATHOLIC DIOCESE OF FALL RIVER")

Domenique Camacho Moran
Jana A. Schwartz
FARRELL FRITZ, P.C.
*Attorneys for Defendant-Appellee*
  *Roman Catholic Bishop of Fall River,*
  *a Corporation Sole*
400 RXR Plaza
Uniondale, New York 11556
516-227-0700

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

DISCLOSURE STATEMENT ....................................................................1

PRELIMINARY STATEMENT ...................................................................2

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...........................3

STATEMENT OF THE CASE ....................................................................3

SUMMARY OF ARGUMENT ...................................................................6

ARGUMENT .......................................................................................7

POINT I

    THE DENIAL TO TRANSFER THE ACTION WAS NOT
    AN ABUSE OF DISCRETION ...............................................................7

CONCLUSION ....................................................................................12

CERTIFICATE OF COMPLIANCE ...........................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cooter & Gell v. Hartmarx Corp.*,
 496 U.S. 384 (1990) ................................................................................... 11, 12

*Corley v. United States*,
 11 F.4th 79 (2d Cir. 2021) ..................................................................................7

*Daros v. Tokoyo*,
 05CV775DLIVVP, 2005 WL 1229734 (E.D.N.Y. May 23, 2005) .....................10

*Doe 1 v. Congregation of Sacred Hearts of Jesus & Mary*,
 21-CV-6865 (DLC), 2023 WL 185496 (S.D.N.Y. Jan. 13, 2023)............ 4, 5, 8, 9

*Fisher v. Int'l Student Exch.*,
 38 F. Supp. 3d 276 (E.D.N.Y. 2014) ...................................................................8

*Gulf Ins. Co. v. Blasbrenner*,
 417 F.3d 353 (2d Cir. 2005) ................................................................................8

*Prospect Cap. Corp. v. Bender*,
 09-CV-826, 2009 WL 4907121 (S.D.N.Y. Dec. 21, 2009) ..................................8

*In re Ski Train Fire in Kaprun, Austria on November 11, 2000*,
 257 F. Supp. 2d 648 (S.D.N.Y. 2003) ................................................................11

*Spar, Inc. v. Info. Res., Inc.*,
 956 F.2d 392 (2d Cir. 1992) ..............................................................................10

**Statutes**

28 U.S.C. § 1391(b)(2) ................................................................................. 7, 8, 9

28 U.S.C. § 1406(a) ......................................................................................... 5, 7

**Rules**

CPLR 205(a) .......................................................................................................5

FRCP 12(b)(2) ...................................................................................................11

## DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee Roman Catholic Bishop of Fall River, a Corporation Sole (incorrectly named in the Complaint as "Diocese of Fall River") (hereinafter "RCBFR"), by and through its undersigned counsel, hereby certifies that RCBFR has no parent corporation and that no publicly held corporation owns ten percent (10%) or more of its stock.

*s/ Domenique Camacho Moran*
Domenique Camacho Moran
Jana A. Schwartz
Farrell Fritz, P.C.
*Attorneys for Defendant-Appellee*
*Roman Catholic Bishop of Fall River, a*
*Corporation Sole*
400 RXR Plaza
Uniondale, NY 11556
516.227.0700

1

Defendant-Appellee Roman Catholic Bishop of Fall River, a Corporation Sole (incorrectly named in the Complaint as "Diocese of Fall River") (hereinafter "RCBFR"), by and through its attorneys, Farrell Fritz, P.C., respectfully submits this brief in opposition to the appeal by Plaintiffs Jane Doe 1 and Jane Doe 2 (collectively, "Plaintiffs") from the September 24, 2024 Memorandum and Order of the United States District Court, Eastern District of New York ("Order"), which granted RCBFR's motion to dismiss Plaintiffs' Complaint for lack of venue and dismissed the Complaint without prejudice.

## PRELIMINARY STATEMENT

In a transparent effort to sidestep time-barred claims and evade the application of a statutory damages cap, Plaintiffs have repeatedly filed suit in venues that are plainly improper and in courts that lack personal jurisdiction over RCBFR. Plaintiffs' procedural maneuvering is not based on where the relevant events occurred or where jurisdiction lies—but on a calculated attempt to take advantage of a more favorable jurisdiction.

In this appeal, Plaintiffs concede that venue in the Eastern District of New York was improper. The sole question before this Court is whether the District Court abused its discretion in declining to transfer the case to the Northern District. It did not. There are no allegations linking RCBFR to any conduct in the Northern District. The few allegations in the Complaint that actually concern events in the Northern

District relate only to the Missionary Oblates of Mary Immaculate Eastern Province, a dismissed defendant.  Without a single event related to Plaintiffs' claim against RCBFR occurring in the Northern District, venue in that federal district would be improper. Accordingly, the District Court acted well within its discretion in finding that transfer would be inconsistent with the interests of justice and the Order should be affirmed.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Did the United States District Court for the Eastern District of New York abuse its discretion by denying Plaintiffs' request to transfer the action to the United States District Court for the Northern District of New York?

## STATEMENT OF THE CASE

Plaintiffs allege they were abused between 1964 and 1970 by multiple named and unnamed individuals.  A010 at ¶ 3.  The vast majority of those allegations concern conduct that allegedly occurred in Massachusetts, specifically at Sacred Heart Academy, St. Joseph's Orphanage, and the Provincial House—locations that fall squarely within the District of Massachusetts.  *See generally* A009-A043. Plaintiffs also allege abuse that purportedly occurred in Newburgh and Essex, New York, but those sites were owned and operated by the Missionary Oblates of Mary Immaculate Eastern Province ("Oblates"), not RCBFR.  A013 at ¶ 24.  Plaintiffs do not allege—because they cannot—that RCBFR owned, controlled or had any

connection to the properties in New York where the alleged misconduct occurred. *See generally* A009-A043.

Initially, Plaintiffs filed suit in the Southern District of New York. When RCBFR moved to dismiss for improper venue and lack of personal jurisdiction, among other grounds, Plaintiffs amended their complaint but failed to cure the pleading deficiency. *See Doe 1 v. Congregation of Sacred Hearts of Jesus & Mary*, No. 21CV6865 (DLC), 2023 WL 185496, at *1 (S.D.N.Y. Jan. 13, 2023). Once again, RCBFR sought dismissal. *See id.* At no point did Plaintiffs request transfer to any other New York district. Instead, they urged the Court not to transfer the matter to Massachusetts, admitting they wanted to avoid that jurisdiction due to the likelihood that a damages cap under Massachusetts law would apply. *See id.* at *3.

The Southern District dismissed the complaint for improper venue, finding the "handful of allegations" involving Newburgh, New York lacked "the factual specificity needed to show that a substantial portion of the events giving rise to the plaintiffs' claims occurred in [the Southern District]." *Id.* The court further emphasized that the focal point of Plaintiffs' claims was Massachusetts. Specifically, it found, "[t]he focus of the plaintiffs' claims is on events that transpired at the Academy, St. Joseph's Orphanage, and the Provincial House, all of which were in the District of Massachusetts." *Id.* at *2. Although the court could have transferred the case to that more appropriate venue, it declined to do so, in part

4

because Plaintiffs explicitly opposed transfer to Massachusetts. *See id.* at *3. Notably, Plaintiffs did not appeal that ruling.

Instead, Plaintiffs invoked the savings clause under C.P.L.R. § 205(a) and filed a third complaint—this time in the Eastern District of New York. Once again, RCBFR moved to dismiss for improper venue and lack of personal jurisdiction. *See* SA5-SA30. In opposition, Plaintiffs argued venue was proper in the Eastern District, but, in the alternative, requested transfer to the Northern District of New York. A048-A049. However, that District was no more proper than the Southern or Eastern Districts. As the complaint makes clear, no conduct involving RCBFR occurred in the Eastern or Northern Districts. *See* A017-A018 at ¶¶ 46-54.

The Eastern District agreed with Defendants and dismissed the complaint, once again, for improper venue. A044-A058. Exercising its discretion under 28 U.S.C. § 1406(a), the District Court declined to transfer because (i) the "lawsuit is focused on alleged sexual abuse at a Massachusetts boarding school," (ii) "virtually all of the conduct alleged to have occurred in the Northern District relates only to the Oblates … a defendant being dismissed from this action on timeliness grounds," and (iii) Plaintiffs' request to transfer to yet another New York venue "smacks of forum shopping." A050-A051.

On this appeal, Plaintiffs now concede that the Eastern District was not a proper venue but argue that the court abused its discretion in refusing to transfer to

the Northern District. As set forth more fully below, the District Court's denial of transfer was squarely within its discretion and this Court should affirm the District Court's Order.

## SUMMARY OF ARGUMENT

The District Court acted firmly within the bounds of its discretion when it denied Plaintiffs' request to transfer the action to the Northern District of New York. In deciding whether to transfer or dismiss the case, the District Court applied the appropriate statute to all the evidence put forth and concluded that dismissal, not transfer, was appropriate. First, venue in the Northern District is improper; Plaintiffs failed to allege a single act involving RCBFR in that jurisdiction. Second, the only purported misconduct in the Northern District occurred at properties owned by the Oblates—a defendant no longer in the case. Finally, the Court's finding that transfer is not in the interest of justice is well-supported by Plaintiffs' concession that they are shopping for a more favorable venue. For these reasons, the District Court did not abuse its discretion by finding that venue does not lie in the Northern District and that transfer was not in the interest of justice.

## ARGUMENT

## POINT I

## THE DENIAL TO TRANSFER THE ACTION WAS NOT AN ABUSE OF DISCRETION

After attempting—and failing—three times to bring their claims in the Southern and Eastern Districts, Plaintiffs now ask this Court to find that the District Court abused its discretion by denying Plaintiffs' request to transfer their case to the Northern District. However, "[a] district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or when its decision … cannot be located within the range of permissible decisions." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (internal citations and quotations omitted). Here, the District Court's Order was based on a correct view of the law, an objective assessment of the evidence, and was well within the range of possible decisions based on the facts presented.

First, the District Court properly relied on 28 U.S.C. § 1406(a) to determine whether to dismiss or transfer the action. Under § 1406(a), a court may transfer an action to a new venue *only if*: (1) venue is proper in the transferee venue *and* (2) a transfer is in the interest of justice. Here, venue is improper in the Northern District and Plaintiffs have not established otherwise. Venue is proper in the judicial district where "a substantial part of the events … giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). This Court has cautioned district courts "to take seriously the

7

adjective 'substantial'" in § 1391, noting that this Court is "required to construe the venue statute strictly." *Gulf Ins. Co. v. Blasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). Indeed, a finding of proper venue requires that "<u>significant</u> events or omissions <u>material</u> to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Doe 1 v. Congregation of Sacred Hearts of Jesus & Mary*, 2023 WL 185496, at *2 (citing *Gulf Ins. Co.*, 417 F.3d at 357); *Fisher v. Int'l Student Exch.*, 38 F. Supp. 3d 276, 285 (E.D.N.Y. 2014) (finding venue improper in New York because the alleged abuse occurred in Montana). Moreover, ***venue must be proper for each defendant***. *See Prospect Cap. Corp. v. Bender*, No. 09-CV-826, 2009 WL 4907121, at *2 (S.D.N.Y. Dec. 21, 2009).

Ignoring the applicable law and relevant facts, Plaintiffs mistakenly claim that venue would be proper against RCBFR in the Northern District, even though not a single allegation of abuse against RCBFR occurred within the Northern District. A017-A018 at ¶¶ 46-54; A050 ("virtually all the conduct alleged to have occurred in the Northern District relates only to the Oblates"). Mistakenly, Plaintiffs rely on dicta in the Southern District's decision noting that the amended complaint "indicates a strong connection to multiple federal judicial districts," to argue that venue must lie in the Northern District. Pl. Br. at 1-2. This flawed reasoning ignores the standard set forth in 28 U.S.C. § 1391(b)(2). Because venue lies in the district

8

where the alleged abuse occurred, and Plaintiffs do not allege abuse by RCBFR in the Northern District, venue in the Northern District is improper.

Second, the Court acted within its discretion in finding that transfer was not in the interest of justice because Plaintiffs' request "smacks of forum shopping." A050-A051. Plaintiffs argue that their actions did not constitute forum shopping because the forum, "New York," has remained constant. Pl. Br. at 12-15. Yet their argument was already repudiated by the District Court for the Southern District. The Southern District, in dismissing Plaintiffs' complaint before they re-filed in the Eastern District, soundly rejected Plaintiffs' argument that because they sued in the "State of New York, which is within the jurisdiction of this Court," venue was proper. *Doe 1*, No. 21-CV-6865, 2023 WL 185496 at *3 n. 3. The District Court explained that this argument "fails" because the "question of venue concerns the proper judicial district in which to bring a claim" and "the State of New York encompasses four federal districts. Thus, allegations that substantial relevant events occurred somewhere in the State of New York are inadequate to show why venue is proper in this district." *Id.* Put differently, even assuming this litigation was properly brought against RCBFR in New York (which it was not), that fact does not negate the requirement that the action ***must also be brought in a proper venue***. *See* 28 U.S.C. § 1391(b). Ignoring this procedural requirement, Plaintiffs have selected the venue for their action without regard to the legal standard. After filing in both

the Southern and Eastern Districts, RCBFR informed Plaintiffs that venue was not proper, filing motions to dismiss each time on this basis. Instead of diligently searching for a proper venue, Plaintiffs actively chose to ignore the law and pursue litigation in the Southern and Eastern Districts. Indeed, Plaintiffs admit they were shopping for a proper venue in order to benefit from the New York Child Victims' Act and to avoid the damages and statute of limitations in Massachusetts, the district where the abuse alleged against RCBFR occurred. Pl. Br. at 16. In light of this admission and the procedural history, the Court did not abuse its discretion when finding that a transfer was not in the interest of justice. *See Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 393 (2d Cir. 1992) (denying to transfer the case because a transfer would "reward plaintiffs for their lack of diligence in choosing a proper forum"); *Daros v. Tokoyo*, No. 05CV775DLIVVP, 2005 WL 1229734, at \*2-\*3 (E.D.N.Y. May 23, 2005) (finding transfer was not in the interest of justice because of "the complete lack of even a colorable basis for personal jurisdiction over defendant in New York or proper venue in this District").

Finally, even if this Court finds the Eastern District abused its discretion, this action should not be transferred to the Northern District because, in addition to being an improper venue, a transfer to the Northern District would be futile. Transfer is futile and thus not within the interest of justice when the transferee court lacks ***personal jurisdiction*** over a defendant. RCBFR has established through

10

uncontroverted facts that courts in New York do not have personal jurisdiction over RCBFR.[1]  *See generally* SA1-SA4.  As Plaintiffs know, RCBFR is a civil nonprofit religious corporation sole organized under Massachusetts law and located entirely in Massachusetts.  RCBFR does not transact business in New York, Plaintiffs' claims do not arise from RCBFR's tortious acts in New York and RCBFR does not own, use or possess any real property in New York (and did not during the time of the alleged abuse).  *See* SA2-SA4 at ¶¶ 5-19; SA17-22.

In *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 257 F. Supp. 2d 648, 651 (S.D.N.Y. 2003), the court found that dismissal, rather than transfer, was in the interest of justice because plaintiffs had, "at best, a questionable basis for personal jurisdiction" over defendant.  Similarly here, dismissal, rather than transfer, is in the interest of justice because there is no basis for personal jurisdiction over RCBFR in the Northern District.  *See generally* SA1-SA4; SA17-22.  Because the Northern District lacks personal jurisdiction, a transfer is futile and thus not within the interest of justice.

In deciding not to transfer this action to the Northern District, the Eastern District "applied the correct legal standard and offered substantial justification for its finding" that transfer was improper.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S.

---

[1] RCBFR moved to dismiss all three of Plaintiffs' complaints for lack of personal jurisdiction pursuant to FRCP 12(b)(2).  Each time, Plaintiffs failed to cure their pleading deficiencies.

384, 405 (1990). The Eastern District did not abuse its discretion by dismissing

Plaintiffs Complaint and the Order should be affirmed.

## **CONCLUSION**

For the foregoing reasons, this Court should affirm the District Court's grant

of dismissal of the Complaint and should deny Plaintiffs' request to transfer the

action to the Northern District.

Dated:  Uniondale, New York
          May 23, 2025

                                            Respectfully submitted,
                                            FARRELL FRITZ, P.C.

                             By:   *s/ Domenique Camacho Moran*
                                     Domenique Camacho Moran
                                     Jana A. Schwartz
                                     *Attorneys for Defendant-Appellee*
                                     *Roman Catholic Bishop of Fall River, a*
                                     *Corporation Sole*
                                     400 RXR Plaza
                                     Uniondale, NY 11556
                                     516.227.0700

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies the typeface requirements of Fed. R. App. P. 32(g)(1) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14, Times New Roman, 2,555 words.

(s) *<u>Domenique Camacho Moran</u>*
*Attorneys for Defendant-Appellee*
*Roman Catholic Bishop of*
*Fall River, a Corporation Sole*

FF\15469960.4